Rep Portman, CHAIRMAN, shows video to support the project at University of Illinois fingertip  Staff went around and around, calling on merciless support First case this morning is case number 4-15-0650, People v. Christina Atkins. Appearing for the defendant is Attorney Solanae Kawara-Wilson, and for the state, Attorney James Majors. Good morning. Ms. Wilson, are you ready to proceed? May it please the Court, Counsel, my name is Solanae Kawara-Wilson, I represent the Office of the State Appellate Defender, and I represent Christina Atkins on this case. In a criminal trial, jury instructions serve to reaffirm the Due Process Clause protection for a person charged with a crime to be convicted only upon the state's proof of all the elements that make up the charge that the person is charged with beyond a reasonable doubt. Christina Atkins in this case did not receive the protections afforded to her by the Due Process Clause because the jury was allowed to consider the evidence in her case on a standard of proof that was less than reasonable doubt based off of the jury instructions that the jury received. In this case, the jury received the instruction on a merchant's right to detain a person that a merchant has reasonable basis to believe has committed retail theft or shoplifted. The jury was then given evidence of the first two elements of the crime with which Christina was charged and asked to consider that same evidence to see if the state had proved their case beyond a reasonable doubt. This created a conflict and ambiguity in the jury charge in itself because the jury was being asked to consider whether Mr. Melchor Hernandez had witnessed Christina shoplifting and therefore had reasonable grounds to detain her, and whether the state had proved that shoplifting beyond a reasonable doubt because Mr. Melchor Hernandez was the only witness to the actual taking that constituted the first and second elements of the charge with which Christina was facing. The instructions cannot be viewed in isolation in this case. They have to be viewed in light of the trial itself and the rest of the jury instructions that the jury was given. At trial, the state spent an inordinate amount of time focusing on whether or not Mr. Melchor Hernandez pushed Christina as she left the store. They therefore elevated the issue of whether or not he had reasonable grounds to believe she had shoplifted. So who raised the issue in the first place? The defense used the, Christina testified to the fact that Mr. Melchor Hernandez pushed her as an explanation for why she did not go back to the store. Therefore it was part and parcel of her explanation for the night. It wasn't a defense to the shoplifting. Didn't the state try to keep that out? They tried to keep that out, Your Honor, but it was an error for the judge to let the testimony in. Only the error in giving the jury instructions. So it became an issue that needed to be addressed. But not to the level that the state addressed it, Your Honor. How were they supposed to address it when your client said that the merchant had no right to stop her, when in fact the law allowed for him to stop her if he believed that she was in possession of items she had taken? Christina said that he shouldn't, she did not believe he had the right to stop her, which is why she did not go back into the store. For the state to elevate it to this, the level that the state did, it ended up confusing the issue. Let me make sure I understand. Your client raised the issue. Correct. You were successful in a motion in Lemony to be allowed to bring it up. To bring up the pushing, correct. Your client said that he had no right to detain her. Correct. And your client argued that the reason for her flight, which of course the state wanted to use as evidence of guilt, was that in fact it was because she had been pushed. Correct. So that issue was squarely before the jury. Yes. Why were they not then entitled to be informed that merchants do have the right to detain individuals for a brief period of time under certain circumstances? Because without an explanation that there is a difference between reasonable basis or reasonable grounds to believe and a reasonable doubt, proof beyond a reasonable doubt that she had committed the crime, it creates an ambiguity that the jury could not have pursed out among themselves. Weren't they told that they were going to need to find the defendant guilty beyond a reasonable doubt? Yes, but they were also told to follow all the jury instructions which would have included following the instruction that Mr. Melchor Hernandez, finding whether Mr. Melchor Hernandez had reasonable grounds to believe that she had shoplifted. But under the instruction, all they need to determine is whether Mr. Melchor has reasonable grounds. They understood, didn't they, that their obligation was to determine the guilt or innocence of the defendant beyond a reasonable doubt. But it's the same evidence, Your Honor. So they are considering the evidence that he saw her put the goods in her bag and therefore had reasonable grounds to stop her, which is a lower standard of proof than reasonable doubt, and then considering the same evidence without a distinction, without an instruction from the court that there's a distinction between those two standards of proof. You don't think the jury is capable of understanding that? I think that the jury in this case should have been given more. For example, the confusion... An additional instruction? I'm sorry? An additional instruction? An additional instruction would then be helpful. Did you offer one? The defendant did not offer one. The defense argued that the instruction should not have been given but did not offer an alternative instruction or ask for the court to explain. So just in terms of that instruction, the Walmart employee sought to stop the defendant. She didn't think that he had the authority to stop her, so she continued out. And that was her story at trial, right? Yes. So, you know, it seems reasonable that that evidence comes in as to whether or not she believed that he had the authority. But is it relevant to any issue in this case, whether he actually had the authority? No. Well, no, that would have been the state's case because the state, I think, in the briefs is arguing that it was to forestall her coming up with a defense, but she really never claimed that it was a defense to her shoplifting. So we're talking about relevance as to her state of mind. There is also relevance because there's a credibility battle going on between the Walmart employee and the defendant as to whether or not he shoved her. But ultimately, whether or not the Walmart employee had the authority, the actual authority to stop her, I'm trying to hone in on what issue in this case is that relevant to. And I'll ask Mr. Major's this one. It's his turn. I'm not sure I understand your question, Your Honor. I apologize. Yeah, the issue of actual authority because that's what this instruction imparts when a merchant has the actual authority to stop someone. And whether or not he actually had the authority, to me, it seems that it's irrelevant because it's just simply what the defendant thought that motivated her leaving the Walmart and disobeying or disregarding the Walmart employee's instruction. Which is precisely why the jury should not have been instructed to try and figure out whether he had reasonable grounds to stop her in the first place. It shouldn't have been an issue in this case. You're arguing the trial court improperly gave this instruction? I'm arguing that the end result was that the jury was improperly instructed. What is our standard of review? The standard of review for when a court gives a non-IPI is an abuse of discretion. However, the argument that Christina's raising is that the end result was that the jury was improperly instructed, which would be a de novo review. What's the basis for that claim? What case says that the issue to give an instruction is de novo? No, the improper instruction of a judge, reviewing whether or not the jury was instructed. Is it your argument that the instruction was wrong as a matter of law? No, I'm saying the instruction correctly states the law. So then the trial judge thought this was an appropriate instruction to give. And you're arguing now that as we review that decision, that's de novo, that's not an abuse of discretion? Because the end result of the judge giving this instruction, whether or not it stated the correct law, was that the jury was improperly instructed. Isn't that always the argument every time there's a claim that an instruction was improperly given? And if that were the argument, isn't that always an argument that the review is de novo? I don't know, Your Honor, but I know that in this case, the fact that the jury was- Well, I've been doing this a long time, and my understanding has always been these are discretionary calls at the trial judge on giving an instruction. And I don't recall your citing any cases in the brief that suggest otherwise. Well, the cases I cited, again, Your Honor, address only the bottom line, the fact that the jury was instructed in such a way that it allowed them to convict her on proof less than a reasonable doubt. And therefore, the review should be de novo because of that, because the jury was improperly instructed. What about the fact that it was the defense attorney in this case who attacked the security guard, Melchor Hernandez, by pointing out how many people he had stopped over how many months, and arguing, essentially, that he's not to be believed. In fact, the phrase is, he's ambitious. That's his job. He's stopping all of these people. Why didn't that raise this as an issue for the court to address so that the jury could be disabused of the notion that he was somehow abusing this person? In terms of the jury instruction? Yes. They had already decided to give the jury instruction before the closing argument was given. I believe you're referring to the defense closing argument where he argues that that's why Mr. Melchor Hernandez. Well, there must have been, however, some evidence to support this argument, wasn't there? Wasn't it the defense that brought out how he had stopped 170 people in 12 months? But there was no evidence of that during trial. No. The defense argues it, but there was no evidence. Well, where did that testimony – you can't just argue figures like that on an empty record. Someone must have elicited this, right? I understand that, Your Honor, but I don't – Well, who was it who asked those – wasn't it the defense counsel who asked that question? I believe the defense argued that at trial, but I don't remember that being a question during the testimony. But if it was, it was probably to Mr. Melchor Hernandez. Well, I can't imagine the prosecutor asking all this. No. Well, go ahead. Again, the instruction cannot be reviewed in isolation and has to be reviewed in the context of the trial. And the State here, in addition to questioning Christina on the issue, questioned Mr. Melchor Hernandez during his direct and then recalled him on rebuttal, again, solely based off of this issue, and recalled the detective again to answer questions solely on the issue of whether Mr. Melchor Hernandez pushed Christina. Therefore, the trial court giving this instruction without explaining the difference between reasonable grounds – the language is very similar – reasonable grounds to believe the person has shoplifted and reasonable doubt created an ambiguity, and it's reasonably likely that the jury could have – You're not arguing that the actual instruction given to the jury defining the offense of theft was wrong, are you? No. So your argument is this instruction about when a security person, merchant may stop someone, might have confused the jury? That it's reasonably likely that it did, yes. Because why? Again, because of the fact that the State spent so much time on it during trial, the evidence to decide whether or not he had reasonable grounds and the evidence for the first two elements of retail theft are the same. The language used in the instructions, reasonable doubt and reasonable grounds or reasonable basis, are similar. And the fact that the court told the jury to follow all the instructions. In similar cases, similar criminal cases – Well, if this was such a concern at the trial level, the defense counsel is thinking, well, gee, judge, we got this problem, now that you've given this instruction, maybe the jury will be confused. Isn't there some obligation upon the defense to seek an instruction to clarify the matter, to overcome this problem that supposedly was so severe? Defense counsel could have done more. He could have requested the instruction. But the court could also – the court's decision to give the instruction without an additional instruction clarifying was also – Well, both instructions are correct statements of the law. So your argument is, gee, in combination, this might be confusing, right? Yes. Your Honor, even in criminal cases, for example, where someone is charged with – I believe it's the IPI comment section where they explain clear and convincing evidence. I cited it in my brief. That giving an additional instruction to clarify is said as to be a must because there is that – clear and convincing and a preponderance of evidence. I'm simply saying that in this case, where the judge was giving an instruction that was so closely related in language and in light of everything else that had happened during trial, an additional instruction would have helped the jury be able to differentiate between reasonable grounds to detain her and reasonable doubt on the elements of the charge defense. So the judge had to do the sua sponte? Again, the defense – it would have been helpful for the defense to have done it. But in absence of that, because the judge ultimately has – is supposed to instruct the jury correctly, the judge could have done so, sua sponte. Well, the jury was instructed correctly. It's your position that these two correct instructions taken in combination could have confused the jury somehow. Correct. And the defense can say nothing at trial and then argue here to reverse the trial judge based upon action the judge was never requested to take. The defense did ask the judge not to give the instruction. That would have been, I suppose, the first step. You've indicated in your brief that the jury was directed to make two findings, one is to – guilt is to theft, but also directed to make a finding relative to whether or not the Walmart security officer or employee had the authority to detain the defendant. And when I read the instruction, it doesn't invite or direct the jury to make that finding. It simply describes the circumstances under which an employee of a merchant can detain a customer. So were they – was the jury truly directed to make a finding relative to that instruction? The jury was told to follow all the instructions. That would have meant that the jury would have had to follow the instructions on a merchant's right. And because the state had made it such an issue during trial, the jury could have reasonably felt that they had to make a determination on whether or not Mr. Melchor Hernandez had pushed Christina. The prosecution in his rebuttal argument argued that even if the jury was to believe that she was pushed, they could find that he had the right to do so and that the judge would instruct them as such. Therefore, I believe that in combination, and again looking at the entire trial and the rest of the instructions, the jury would have felt they needed to make that determination. What part of the instruction tells the jury that they are to make the determination as to the reasonableness of the merchant's actions? There is no express instruction telling the jury they have to, but the jury was instructed to follow all the instructions and then given this instruction. Well, they're always told that. Yes. How many times were they told throughout the trial what the state's burden of proof was? Is there a question? Correct. Preliminary instructions to the jury prior to the beginning of the evidence? Correct. And instructions at the close of the evidence? Yes. So at least three times they're told what their burden was. Yes. Right? But again... All they're told in your instruction that you complain about is that a merchant has reasonable grounds, etc. There's nothing in that instruction that tells them that they have to find something in that regard. But in a trial where the state has made this a central issue? Now, you say that, but in reality it was the defense who made it a central issue. The defense is the one who wanted this evidence in. The state asked to keep it out. You won the motion in limine. You were allowed to bring up the evidence as to the confrontation between the merchant and the defendant at that door. That was entirely the defendant's request. So what you're asking is, we want to be able to raise it, but we don't want the jury instructed that a merchant has the right to stop somebody. True? That in this context where there's no battery charge and she's only facing retail theft... Battery had nothing to do with it. You mentioned that in your brief. Yes. There are no cases anywhere saying that this instruction is only to be given under circumstances where there's a battery involved. But I'm saying it would be relevant in that situation versus in this situation where it was irrelevant. Yes, the defense brought it up to explain her actions that night, but the state went further with it. They're not supposed to ignore it, are they? No, and they can respond to it, but not make it the central issue of the trial. They had already proved their case before they started the trial within a trial on the issue of whether or not she had been pushed and whether or not he then had grounds to have pushed her. You brought that up, not the state. She brought up that she was pushed, Your Honor. Correct. Yes, but I'm saying that the state went further with it than they should have, and therefore the instruction has more weight on the jury that they have to make that determination because of how the state set it up. That can't, because as you said, they were told to follow all the instructions. Correct. And one instruction says not to give any greater or lesser weight to any particular instruction, doesn't it? Correct. Okay. So they're not supposed to give any more weight to that instruction than any other? No, but the question was, as I understood it, was that they were not required to follow it. And because of everything that happened at trial, they would have followed it, not necessarily given it more weight, but followed it in that sense of trying to determine whether Mr. Melchor Hernandez had committed this battery against Christina because of the weight that was given during trial and because of the instruction to do so. But now we're back to the instruction. What part of the instruction says they have to make any finding with regard to reasonable ground? None of the instruction. The language of the instruction does not say they have to consider it. It simply explains the merchant's right. Okay. The State's case – oh, I see that my time is up, Your Honor. Thank you. Thank you, Ms. Wilson. You'll have time in rebuttal. Mr. Majors. May it please the Court, Counsel, I'm standing on some type of a height-increaser for my opponent here. Don't fall off, Mr. Majors. Huh? Don't fall off. Well, I have motion sickness. Whenever I stand here and look at three appellate justices who, in my mind, represent 150 years of experience, I'm intimidated. And now, when I have all these people behind me, I'm doubly intimidated, if not triply intimidated. And I'm afraid I'm going to fall down, so that's – I'll bear with it. We spent a lot of time on the instructions. As the courts already pointed out, this – they wanted this in. The reason they wanted it in was to explain why she took flight. And speaking of experience, I noticed Tom DeFanis was a trial judge, which is another 50 years of experience as a trial lawyer and a trial judge. And at the sentencing hearing, I know the Court doesn't like to hear quotes, but – Well, Counsel, let me stop you here. I want to ask a question that relates exactly to the issues that were focused on during Ms. Wilson's portion. And that relates to the instruction relative to the Walmart employee's authority to stop suspected shoplifters. Here, there was testimony that she left the store, disregarded the directions of the Walmart security officer, and then that was circumstantial evidence of guilt, given that she fled the scene. She testified that she didn't believe he had the authority to stop her, and that was the explanation for her leaving, because she didn't think she needed to stay. So it was relevant to her state of mind. Now, can you tell me what issue in this case the Walmart employee's actual authority to stop a customer suspected of theft had? What was his actual authority relevant to? Because that's what the instruction pertained to, not the defendant's state of mind, but when an employee has the authority to stop a suspected shoplifter. I think I can answer your question, Your Honor, but maybe backwards. What the defense has done in the appeal is allege that plain error occurred because none of these errors were preserved. And as Judge DeFantis found, again, this won't take long, the defendant did testify, and she testified the reason she ran was because the security officer shoved her in the chest four times. The problem was it was on video and that didn't happen. So now if you look at the video, clip one, two, and three, you see the defendant is confronted by Hernandez. She picks up the baby and she picks up the diaper bag and leaves. There is no pushing and shoving. She committed obvious perjury. And if you look further back into the record, you'll see that the jury sent out a question on volume nine, page 23, wanting to see those videos. Now, I don't know what happened in jury deliberations, but they then saw the video of the defendant not being pushed in the chest four times. So this became the centerpiece of the trial, and it became the centerpiece of the trial because the defense wanted it in there. They made a motion in limine, the state made a motion in limine to bar it, and they said, no, we want to put it in. And she testified, direct examination of defendant. After you told him that, what did he do? I tried to go around him and he shoved me in my chest four times. And after that happened, what did you do? Then I picked up my daughter and I began to run to the truck, again, completely refuted by the video. So it became a centerpiece of the trial because the defendant wanted it to be a centerpiece of the trial. But then she gets up and testifies to something that's not on the video. Okay. Mine is a very specific, narrow question, and that is, how was the Walmart employee's actual authority to detain an individual relevant to an issue in this theft case? Because you consider all the evidence when you consider the first prong of plain error, or when you consider harmless error, you consider all the evidence, not just the state's evidence. Okay. Are you arguing lack of prejudice? Are you saying no harm, no foul, but lack of prejudice in terms of plain error? We're talking about whether or not the instruction was appropriate. I'm just narrowing in on that. Yes, sir. Yes, Your Honor, but at this stage you consider all the evidence and you've got her perjury in there. So it is relevant, and it is relevant. Why did she lie about being pushed in the chest four times? Well, that's a credibility battle between defendant and the Walmart employee. She said she was shoved. He said that he didn't. I looked at the video. You're right. It doesn't show any shoving, but that still doesn't get to the propriety of giving an instruction. Now, I'm not getting to the point of whether or not it made any difference if there was prejudice. I'm just asking the very narrow question, what relevance did that instruction have on any issue? I think it becomes relevant to explain Melchor Hernandez's behavior, and it affects us. Why is that relevant? Well, all of these things are contextual. The first prong of plain error and harmless error is focused on the context. And in this context, we have this outrageous claim that's rebutted by the record, proved false. When you have a trial of a woman stealing a few items with a baby and a man pushing her in the chest four times, in this culture that greatly outweighs the theft. You're potentially harming a baby. You're touching a woman in an appropriate place. I mean, that's a shocking allegation to make, and the jurors are going to look at that. Well, the instruction didn't bear on the Walmart employee's right to shove someone. Well, their argument, Your Honor, is because you have the word reasonable doubt and the words reasonable grounds that this is conflated. That's it. There's nothing else to support that. Because the word reasonable appears in the two instructions. They create this idea. Well, but the argument of the defense is it shouldn't have been given the instruction in any event. There was no need for it. Well, again, these things are according to the context. And when you have this claim, I didn't steal anything. This man comes up and pushes me in the chest while I grab my baby, it becomes relevant. I asked the defense counsel the standard of review. What is your position on the standard of review? By the way, there's no argument by defense counsel. She objected at the conference, but she didn't specify why. And it's not in the post-trial motion, which moves us over to plain error. When you say she objected at the conference on instructions, it's been a long time since I was a trial judge, but I made it a point there was never any such thing, particularly at a conference on instructions, to let that lock. I turned to defense counsel and say, on what grounds, counsel? Was that done by Judge DeFonis here? Well, no, there's nothing in there in the rec. She didn't state a grounds. And I was surprised. He didn't ask? I don't know if Judge DeFonis asked. I was surprised to hear counsel, who's done an excellent job, by the way, say that defense counsel could have done more. There's no complaint in any of these materials about defense counsel, about anything she did. Any further questions? I don't see any. Thank you, Mr. Majors. Ms. Wilson, rebuttal. Thank you. Briefly, Your Honor, the testimony, again, the testimony in this case regarding Mr. Melchor Hernandez pushing Christina did not make this instruction warranted in this case. In addition, the fact, her belief that he didn't have the right to stop her, again, did not warrant this instruction in this case. Well, let me ask you this, counsel. In criminal cases, a concern defense has frequently, and with some justification, is, Judge, I object to this evidence. The prosecutor's trying to dirty up my guy by bringing out other stuff. And I remember back in the days, trial counsel, trial judge, had to be alert to this because, sure enough, that was happening. And there was a lot of stuff that might be brought out to dirty him up. This seems to be kind of the adverse of that, where the defense is trying to bring out all this stuff about this security guard. He was bad. He did bad stuff. He had no justification for doing what he did, essentially trying to dirty him up to make the jury think, you know, I don't like what happened here. Not guilty. Isn't that what happened? No. Well, then what is the basis of all the focus on what the security guard did and whether he was justified in doing it? The focus was brought, the state made this the focus. Christina testified to this to explain why she didn't go back. But, counsel, this was introduced over their motion in limini, which was not supported. They didn't want any of this to come out at all. I understand, Your Honor. But the state could have dealt with it by questioning her on cross and by questioning Mr. Melchor Hernandez on direct, and that would have been the end of it. Instead of putting the emphasis that they did on it. Because Christina did not spend an inordinate amount of time trying to describe this outlandish incident that happened with him. She simply explained he pushed her four times in the chest and she left. Well, again, I asked, who was it that brought out the evidence of all the number of arrests and how he's ambitious? It surely wasn't the prosecutor. But that didn't have anything to do with him pushing her, which is what this instruction. No, it's just dirtying him up. It's reducing him as a character in this to make the jury dislike him. What else could it have a purpose of doing? To show that perhaps his stop was based off of being an ambitious person, not necessarily to dirty him up, but to simply explain the circumstances under which he stopped Christina. Did the state argue flight? Yes. Did the jury get an instruction on flight? I don't believe they did. And your client was using this confrontation as an explanation for why she hastily left the store, right? Correct. So flight was an issue, right? Flight was not an issue, was an issue, yes. Okay. So why wouldn't the state have the opportunity to explain what the circumstances were that led to the confrontation? Because your client's trying to use that confrontation as an explanation for her flight. The state is contending that it's for a different reason, that it's evidence of guilt, and it's all based upon the confrontation, right? But even with they can explain that without the instruction, which would cause confusion. Well, they can, but don't they also have a right to prosecute their case in whatever manner they feel is appropriate? You just don't like it. That doesn't mean that it's not admissible. You just don't like it. I don't like it because of the confusion it causes to the jury. I'm still trying to find that. There's nothing in that instruction that tells the jury they have to make any findings with regard to the reasonableness of the stop. Okay. All right. If there are no further questions, thank you. Okay. Thank you, counsel. Thank you, counsel, both. The case will be taken under advisement, and a written decision shall issue. Thank you.